People v Orellana (2020 NY Slip Op 01574)





People v Orellana


2020 NY Slip Op 01574


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11224 2263/15

[*1] The People of the State of New York, Respondent,
v
Isidro Orellana, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Jose David Rodriguez Gonzalez of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Christopher Michael Pederson of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered July 11, 2016, convicting defendant, upon his plea of guilty, of sexual abuse in the first degree, and sentencing him to a term of 6 months, with 10 years' probation, unanimously affirmed.
Defendant did not preserve his argument that his guilty plea was rendered invalid by the court's misstatement that sexual abuse in the first degree was not a violent felony offense. Defendant did not move to withdraw his plea before sentencing (see People v Williams, 27 NY3d 212, 214 [2016]), and this case does not fall within the narrow exception where, because of the sequence of events, the defendant has "no practical ability" to make a plea withdrawal motion (id. at 220—221). Between the plea and the sentencing, defense counsel and defendant had the opportunity to ascertain the true status of the crime to which defendant had pleaded guilty, and to make a plea withdrawal motion if so inclined (see id. at 223-224).
We decline to address the issue in the interest of justice. In any event, whether the crime was classified as violent or nonviolent did not affect defendant's actual sentence in the present case, and although it would affect his predicate violent felony status in the event of a new conviction, "a defendant's eligibility for an enhanced sentence upon a hypothetical future conviction is merely a collateral consequence of a plea of guilty that the defendant need not be advised of in order for the guilty plea to be deemed fully informed" (People v August, 33 AD3d 1046, 1050 [3d Dept 2006][internal quotation marks omitted], lv denied 8 NY3d 878 [2007]). Furthermore, the surrounding circumstances do not warrant a conclusion that defendant would have opted not to plead guilty absent the court's inaccurate characterization of the crime as nonviolent.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK